IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY J. LEFLORE,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil No. 19-CV-00749-NJR<br><br>Criminal No. 18-CR-30074-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) filed by Petitioner Anthony J. Leflore ("Leflore"). For the reasons set forth below, the motion is denied.

## FACTUAL & PROCEDURAL BACKGROUND

On April 17, 2018, Leflore was indicted on one count of knowingly possessing, in and affecting interstate commerce, a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Leflore*, 18-CR-30074-NJR at Doc. 1 (S.D. Ill.). Leflore was accused of possessing a Remington Model 512 .22 caliber rifle, with no serial number, after having been convicted of felony second degree murder on or about July 12, 2011. *Id.*

On October 12, 2018, Leflore entered a guilty plea. *Id.* at Doc. 20. At his plea hearing, the Court explained the charge against Leflore and the potential range of sentences that he faced, and he confirmed that the indictment had been explained to him

and that he understood the charge against him and the potential sentencing range, and that he was fully satisfied with his counsel. *Id.* at Doc. 37. Leflore further confirmed that his plea was not in any way coerced. *Id.* Leflore further stipulated to the facts constituting the elements of the offense with which he was charged. *Id.* at Doc. 22.

After his plea, a presentence report ("PSR") was produced, and a sentencing hearing was held on January 11, 2019. *Id.* at Docs. 25, 38. The Court sentenced Leflore to 96 months' imprisonment and three years of supervised release, with a $300 fine and $100 mandatory special assessment. *Id.* at Doc. 26.[1]

Leflore appealed, but his counsel moved to withdraw, informing the Seventh Circuit that he had found no non-frivolous basis for appeal. *United States v. Leflore*, 927 F.3d 472 (7th Cir. 2019). The Seventh Circuit agreed, affirming Leflore's sentence.

On July 11, 2019, Leflore filed the instant motion (Doc. 1). Taken together, his filings seek collateral review on the following grounds:

(1) Unlawful sentence due to inappropriate application of sentencing guidelines;

(2) Ineffective assistance of counsel based on counsel allowing Leflore to receive an excessively long sentence;

(3) Lack of an intelligent plea;

(4) Government failed to prove that Leflore both possessed a firearm and knew he was barred from possessing a firearm as required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

---

[1] District Judge Michael J. Reagan presided over Leflore's criminal case. Judge Reagan has since retired from federal judicial service and thus this action was transferred to the undersigned.

## LEGAL STANDARD

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under Section 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013); *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004).

Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004). "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). "To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Id.* (citing *Theodorou v. United States*,

887 F.2d 1336, 1340 (7th Cir. 1989)).

"[A]n evidentiary hearing is not warranted for every § 2255 petition." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (citing *Key v. United States*, 806 F.2d 133 (7th Cir. 1986)). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).

## ANALYSIS

Based on its review of the filings, the Court concludes that the issues in this action can be resolved on the existing record, as discussed below. Accordingly, an evidentiary hearing is not warranted here.

### I. Claims regarding Leflore's sentence and offense

Leflore wishes to seek collateral review of his sentence based on his contention that the Court gave him an excessive sentence, inappropriately applying sentencing enhancements and calculating his base offense level. However, these arguments are the same as those which the Seventh Circuit deemed to be frivolous. A § 2255 motion cannot be used to re-litigate issues already addressed upon appeal, and Leflore's arguments regarding the reasonableness of his sentence are unavailing.

To the extent that Leflore appears to argue that he should never have been convicted in the first place, his arguments regarding the age and functionality of the weapon involved have no merit, as Leflore already stipulated to the variety of weapon involved, which satisfied the definition of firearm for the purposes of the offense with

which he was charged.

## II. Ineffective assistance of counsel claims

a) *Applicable Law*

Claims of ineffective assistance of trial counsel can generally be raised for the first time via a Section 2255 motion, as opposed to on direct appeal. Indeed, such claims generally are better suited for collateral review under Section 2255, where a fuller record can be developed. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Walltower*, 643 F.3d 572, 579 (7th Cir. 2011).

The Sixth Amendment provides that in all criminal prosecutions, "the accused shall enjoy the right … to have the Assistance of Counsel for his defense." The right to assistance of counsel encompasses the right to effective assistance of counsel. *Blake*, 723 F.3d at 879 (citing *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009)).

Under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in showing ineffective assistance of counsel a defendant must prove that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 688 at 669. "A court does not have to analyze both prongs of the *Strickland* test" because "[a] defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F. 3d 530, 533 (7th Cir. 1993) (citation omitted).

Where a petitioner alleges ineffective assistance of counsel based on a failure to investigate or present additional evidence, he cannot rely on vague allegations and

tendentious theories, but rather bears the burden of presenting with some particularity what additional evidence could have been uncovered and presented and how this additional information would have had a reasonable probability of changing the outcome. *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003); *see also Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005)).

b) *Discussion*

Leflore argues that his counsel was ineffective for allowing Leflore to receive what Leflore argues was an excessive sentence. However, at his own plea hearing and sentencing, Leflore indicated that he had been informed of and understood the charge against him, the potential sentencing range that he faced, and the information contained in the PSR was accurate and that he had no objections. Leflore argues that counsel was ineffective due to Leflore's illiteracy, counsel's failure to perform a more thorough pretrial investigation, and his failure to obtain a more favorable sentence for Leflore. However, there is no indication that Leflore's counsel acted unreasonably on any of these points, or that Leflore was harmed by his performance. Leflore indicated that he fully understood the allegations against him and his potential sentence, regardless of his illiteracy. As the Seventh Circuit agreed with Leflore's counsel that there was no non-frivolous basis for arguing that Leflore's sentence was unreasonable, there is no reason to believe that Leflore's counsel acted unreasonably at sentencing. Lastly, Leflore provides no indication that a pretrial investigation would have uncovered any information that might have aided his defense.

### III. Claims related to Leflore's plea

*a) Applicable Law*

Valid guilty pleas must be "not only must be voluntary but must be knowing, intelligent acts" to be valid. *Brady v. United States*, 397 U.S. 742, 748 (1970). For a plea to be intelligent, a defendant must first receive "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley v. United States*, 523 U.S. 614, 618 (1998). A defendant's claims of involuntariness or confusion may be insufficient to allow withdrawal of a plea "in the context of a record containing substantial indications of voluntariness and lack of confusion." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quoting *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992)). "One especially important consideration is the defendant's answers to the questions posed at his Rule 11 hearing." *Trussel*, 961 F.2d at 689-90.

There is no uniform approach to ensuring that a defendant understands the charges against him and potential sentence. *See United States v. LeDonne*, 21 F.3d 1418, 1423 (7th Cir. 1994). As a result, a court must examine the "totality of the circumstances" to determine whether a defendant's plea was intelligent. *See United States v. Bradley*, 381 F.3d 641, 645 (7th Cir. 2004). Courts may consider factors including: (1) the complexity of the charge; (2) the defendant's intelligence, age, and education; (3) whether the defendant was represented by counsel; (4) the district court's inquiry during the change of plea hearing and the defendant's responses; and (5) the evidence proffered by the government for its factual basis. *See LeDonne*, 21 F.3d at 1423.

*b) Discussion*

At Leflore's plea hearing, the Court advised him of the charges, potential sentences, and his rights. The Court further confirmed that Leflore was competent and that his plea was not coerced. Leflore indicated that despite his illiteracy, he fully understood the information that he had been given and knowingly chose to waive his constitutional rights in entering a guilty plea. In the context of this record, Leflore's arguments are insufficient to allow withdrawal of his plea.

IV. *Rehaif*

*a) Applicable Law*

In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court reviewed a case in which a district court judge instructed a jury that the "United States is not required to prove" that a defendant "knew that he was illegally or unlawfully in the United States" for purposes of convicting the defendant for possessing a firearm in violation of 18 U. S. C. §922(g). The Supreme Court reversed, holding that for offenses under that statute, the Government must prove both that the defendant possessed a firearm and that they knew that they were in the category of persons barred from possessing a firearm.

The Seventh Circuit has held that in cases where a defendant seeks collateral review of a sentence based in *Rehaif*, the defendant "bears the burden of showing that his erroneous understanding of the elements of § 922(g) affected his substantial rights—his decision to plead guilty—before he may do so." *United States v. Williams*, 946 F.3d 968, 970 (2020).

*b) Discussion*

Here, the district court did not specifically inquire into Leflore's knowledge of his status as a felon as required by *Rehaif*. Under *Williams*, however, Leflore bears the burden of showing that this error affected his substantial rights and that there was a reasonable probability that he would not have entered a guilty plea had the Government been required to prove knowledge of his status. Given Leflore's lengthy criminal history and prior conviction for second degree murder, it is difficult to conceive how the Government would have had any difficulty in proving that Leflore was aware of his status as a felon. Accordingly, Leflore fails to show that any error under *Rehaif* affected his substantial rights, and collateral review is not warranted on this basis.

## CONCLUSION

For the reasons set forth above, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  May 15, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**